## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Luis Gonzalez-Encarnacion, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with Homeland Security Investigations and have been since December 2023. I am currently assigned to the Immigration Crimes Group in San Juan, Puerto Rico. Prior to my appointment as a Homeland Security Investigations Special Agent, I was appointed in 2019 as a Border Patrol Agent with the United States Border Patrol. As a Homeland Security Investigations Special Agent, I have received formal and on the job training and I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

2. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

3.  Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of **8 U.S.C. 1326(a) and (b)(1) – *Reentry of removed alien*** has been committed by **Gelson Adrian DELACRUZ-NOLBERTO ("DE LA CRUZ")**.

## PROBABLE CAUSE

4.  On November 8, 2025, personnel from U.S. Immigration and Customs Enforcement's (ICE) Homeland Security Investigations Special Agents and Enforcement and Removal Operations Officers (Agents), during a patrol around the area of Puerto Nuevo, PR. Agents observed **DE LA CRUZ-Nolberto, Gelson Adrian** aka **Edwin Antonio Reyes**, depart Colmado Placita Las Lomas. It is common law enforcement knowledge a significant population of immigrants, many of whom have been found to be unlawfully present in the United States, reside in, around or frequent that area. HSI agents have made several arrests in this area for subjects with no immigration status. Agents conducted database checks on the vehicle **DE LA CRUZ** was driving, and the results came back to the registered owner who was not **DE LA CRUZ**. Agents and Officers observed **DE LA CRUZ** stop and park his vehicle at Calle Amur, San Juan, Puerto Rico, where **DE LA CRUZ** was consensually encountered. Once **DE LA CRUZ** saw the Agents and Officers with clear police markings, he raised his hands up and surrendered to the agents.

5.  HSI determined that **DE LA CRUZ** was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable document, or document of identity and nationality to enter, pass through, or remain in the United States. HSI determined that **DE LA CRUZ** is inadmissible to the United States, and agents arrested and transported **DE LA CRUZ** to an Enforcement Removal Operations (ERO) Office in San Juan for further processing.

2

6. Immigration History: **DE LA CRUZ** is a native and a citizen of the Dominican Republic. On December 9, 1994, **DE LA CRUZ** was convicted at the San Juan superior court on two counts of possession of firearms in violation of Puerto Rico weapons law. **DE LA CRUZ** was sentenced to 6 months in each count to be served concurrently. On February 5, 1995, DE LA CRUZ was issued an Order to show cause. On February 5, 1995, **DE LA CRUZ** was removed from the United States to the Dominican Republic.

7. On August 31, 2002, Puerto Rico Police Department in Isabela, PR detained **DE LA CRUZ**. When PRPD conducted a traffic stop they were able to identify 31 undocumented Dominican nationals in the interior of the white van, who claim had left Rio San Juan, DR two nights prior. **DE LA CRUZ** was among those undocumented Dominican Nationals. **DE LA CRUZ** was subsequently arrested by Border Patrol agents and placed in removal proceedings. On September 1, 2002, DE LA CRUZ was issued a Notice to Appear. On September 12, 2002, **DE LA CRUZ** was issued a Final Order of Removal by the Immigration Judge. On December 3, 2002, **DE LA CRUZ** pleaded guilty in the United States District Court of Puerto Rico to one count of Illegal re-entry in violation of United States Code and sentenced to time served. On December 13, 2002, **DE LA CRUZ** was removed from the United States to the Dominican Republic.

8. On June 12, 2008, **DE LA CRUZ** was encountered and arrested by Immigration and Customs Enforcement / Enforcement and Removal Operations while conducting a fugitive operation targeting ICE fugitives. October 21, 2008, **DE LA CRUZ** was convicted by an immigration judge to eight months. Time served in connection with this offense shall be credited. **DE LA CRUZ** was issued Reinstate Prior Order. On February 26, 2009, **DE LA CRUZ** was removed from the United States to the Dominican Republic.

9. On January 1, 2017, **DE LA CRUZ** was arrested by the United States Coast Guard (USCG) in the attempt to re-enter the United States through a failed maritime venture. **DE LA CRUZ** custody was turned over to United States Border Patrol. On January 25, 2017, **DE LA CRUZ** issued an Expedited Removal. **DE LA CRUZ** was indicted on June 7, 2017, for a felony offense in violation of Title 8 USC 1326(a), reentry of a removed alien. **DE LA CRUZ** was sentenced on December 5, 2017, to twelve months imprisonment. On March 6, 2018, **DE LA CRUZ** was removed from the United States to the Dominican Republic, after being convicted and sentenced to 12-months imprisonment for a felony offense.

10. Agents read **DE LA CRUZ** s his Miranda rights which **DE LA CRUZ** waived and agreed to speak with the agents without the presence of an attorney. **DE LA CRUZ** admitted to being illegally present in the United States. **DE LA CRUZ** claims to have last entered the United States on or about September 2023, at or near Aguada, Puerto Rico.

11. **DE LA CRUZ's** immigration and criminal history record checks revealed:

   a. Record checks revealed that on December 9, 1994, **DE LA CRUZ** pled guilty using the name of **Edwin Antonio Reyes** before the Superior Court of Puerto Rico to two counts of Possession of Firearms. **DE LA CRUZ** was sentenced to Six (6) months in prison.

   b. On December 3, 2002, **DE LA CRUZ** pled guilty before the United States District Court for the District of Puerto Rico to Illegal Reentry.

   c. On October 21, 2008, **DE LA CRUZ** pled guilty before the United States District Court for the District of Puerto Rico to Re-entry of Deported Aliens.

   d. On June 7, 2017, **DE LA CRUZ** pled guilty before the United States District Court for the District of Puerto Rico to Reentry of Deported Alien.

12. Record checks also revealed that as of November 8, 2025, **DE LA CRUZ** had not submitted an application requesting permission to enter the United States (Form I-212) before the United States Citizenship and Immigration Services ("USCIS"). Thus, **DE LA CRUZ s** has not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter and/or remain in the United States.

13. On November 8, 2025, **DE LA CRUZ** a national and citizen of the Dominican Republic, was found in the United States after been previously removed from the United States. **DE LA CRUZ** was not admitted, inspected, or paroled into the United States by an immigration officer, nor did **DE LA CRUZ** present himself at a designed port of entry for inspection.

## CONCLUSION

14. Based on the forgoing, and based upon my training, experience and participation in this and other investigations, I believe that sufficient probable cause exists that **DE LA CRUZ** reentered the United States after being removed in violation of 8 U.S.C. 1326(a) and (b)(1), Reentry of removed alien subsequent to a felony conviction.

Respectfully submitted,

LUIS O GONZALEZ-ENCARNACION
Digitally signed by LUIS O GONZALEZ-ENCARNACION
Date: 2025.11.12 16:21:15 -04'00'

Luis Gonzalez-Encarnacion
Special Agent
Homeland Security Investigations

Sworn pursuant to FRCP 4.1 at 5:50 pm by telephone, this 12th day of November, 2025.

Mariana E. Bauza Almonte
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO